# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

MARVIN K. LOCKE,
CDCR #T-74574,

                              Plaintiff,

vs.

JANE DOE 1; JANE DOE 2
GEORGE A. NEOTTI; MATTHEW
CATE,

                            Defendants.

Civil No.     11-0734 JAH (PCL)

**ORDER:**

**(1)  GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(a) [ECF No. 4]; and**

**(2)  SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

      Plaintiff, Marvin K. Locke, a state prisoner currently incarcerated at the Richard J. Donovan Correctional Facility located in San Diego, California and proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has not prepaid the $350 civil filing fee required by 28 U.S.C. § 1914(a); instead he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No.4].

## I.

### MOTION TO PROCEED IFP [ECF No.4]

      All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28

U.S.C. § 1914(a). An action may proceed despite a party's failure to prepay the entire fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). That institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement shows that he has a current balance of zero and therefore insufficient funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No.4] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350

1   balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court

2   pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.

### SUA SPONTE SCREENING PER 28 U.S.C. § 1915(e)(2) AND § 1915A

**A.     Standard**

6       The PLRA also obligates the Court to review complaints filed by all persons proceeding

7   IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and]  accused

8   of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or

9   conditions of parole, probation, pretrial release, or diversionary program," "as soon as

10  practicable after docketing."   *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).   Under these

11  provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion

12  thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from

13  defendants who are immune.  *See* 28 U.S.C. § 1915(e)(2)(B) and § 1915A; *Lopez v. Smith*, 203

14  F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443,

15  446 (9th Cir. 2000) (§ 1915A).

16      Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte

17  dismissal of only frivolous and malicious claims.  *Lopez*, 203 F.3d at 1126, 1130.  An action is

18  frivolous if it lacks an arguable basis in either law or fact.  *Neitzke v. Williams*, 490 U.S. 319,

19  324 (1989).  However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing

20  an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of

21  the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2).  *Id.* at 1127 ("[S]ection

22  1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint

23  that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)

24  (discussing 28 U.S.C. § 1915A).

25      "[W]hen determining whether a complaint states a claim, a court must accept as true all

26  allegations of material fact and must construe those facts in the light most favorable to the

27  plaintiff."  *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)

28

"parallels the language of Federal Rule of Civil Procedure 12(b)(6)").  In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

## B.    Eighth Amendment claims

Plaintiff alleges that he was "suffering from intense stomach pain" on May 22, 2010. (Compl. at 3.)  Plaintiff claims that "Jane Doe #1," a registered nurse, came to his cell, took his vital signs and told him he would be placed on a list to see a doctor.  (*Id.*)  It appears that later that day Plaintiff was "awoken to intense pain" and another registered nurse, Jane Doe #2, came to his cell.  (*Id.* at 4.)   Plaintiff was told that his vitals were "good" and Jane Doe #2 told him it was "something he ate."  (*Id.*)  Plaintiff claims that Jane Doe #2 indicated there was no need to take Plaintiff to the "T.T.A."[1]  (*Id.*)  Plaintiff went to the medical clinic the following morning where he received an examination by a physician, along with blood tests and xrays.  (*Id.*)  On April 25, 2010 Plaintiff "was sent to the hospital" to have kidney stones removed.  (*Id.*)

"The unnecessary and wanton infliction of pain upon incarcerated individuals under color of law constitutes a violation of the Eighth Amendment." *Toguchi v. Chung*, 391 F.3d 1051, 1056-57 (9th Cir. 2004) (citing *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992)). A violation of the Eighth Amendment occurs when prison officials are deliberately indifferent to a prisoner's  medical needs.  *Id.*; *see also Estelle v. Gamble*, 429 U.S. 97, 105 (1976).

To allege an Eighth Amendment violation, a prisoner must  "satisfy both the objective and subjective components of a two-part test." *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted).  First, he must allege that prison officials deprived him of the "minimal civilized measure of life's necessities." *Id.* (citation omitted).  Second, he must allege the prison official "acted with deliberate indifference in doing so." *Id.* (citation and internal quotation marks omitted).

/ / /

---

[1]  Plaintiff does not indicate what "T.T.A" stands for but it appears it may refer to the prison's medical clinic.

A prison official acts with "deliberate indifference ... only if [he is alleged to] know[] of and disregard[] an excessive risk to inmate health and safety." *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1187 (9th Cir. 2002) (citation and internal quotation marks omitted). Under this standard, the official must be alleged to "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]," and must also be alleged to also have drawn that inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." *Gibson*, 290 F.3d at 1188 (citation omitted). This "subjective approach" focuses only "on what a defendant's mental attitude actually was." *Farmer*, 511 U.S. at 839. "Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *McGuckin*, 974 F.2d at 1059 (alteration and citation omitted).

Here, it appears that Plaintiff was examined by a physician less than twenty four hours after he was initially examined by Jane Doe #1. (*See* Compl. at 3-4.) Plaintiff does not allege any deliberate indifference on the part of the Doctor yet it was another two days before he underwent the surgery. (*Id.*) Thus, it is not clear to the Court whether Plaintiff suffered any injury in the first twenty four hours of the three day period described in Plaintiff's Complaint. If Plaintiff is attempting to allege that there was a delay in treatment, there are no facts in the Complaint from which the Court can determine whether he has suffered any injury as a result of the Defendants alleged delay in providing treatment. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (a prisoner can make "no claim for deliberate medical indifference unless the denial was harmful.") Plaintiff has failed to allege any facts from which the Court could find that Defendants acted with deliberate indifference to his serious medical needs.

### C.   Respondeat Superior

Plaintiff also names RJD Warden Neotti and the Secretary of the CDCR, Matthew Cate, as Defendants in this matter; but Plaintiff fails to set forth any factual allegations with regard to these Defendants in the body of his Complaint. Thus, without more, it appears Plaintiff seeks

to hold these Defendants liable in their supervisory capacity.  However, there is no respondeat superior liability under 42 U.S.C. § 1983.  *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993).  Instead, "[t]he inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*,  423 U.S. 362, 370-71 (1976)).  In order to avoid the respondeat superior bar, Plaintiff must allege personal acts by each individual Defendant which have a direct causal connection to the constitutional violation at issue.  *See Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Supervisory prison officials may only be held liable for the allegedly unconstitutional violations of a subordinate if Plaintiff sets forth allegations which show:  (1) how or to what extent they personally participated in or directed a subordinate's actions, and (2) in either acting or failing to act, they were an actual and proximate cause of the deprivation of Plaintiff's constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  As currently pleaded, Plaintiff's Complaint fails to set forth facts which might be liberally construed to support an individualized constitutional claim against Defendants Cate or Neotti.

Accordingly, the Court must DISMISS Plaintiff's Complaint for all the reasons set forth above but will provide Plaintiff with the opportunity to amend his Complaint to correct the deficiencies of pleading identified by the Court.

### III.

### CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1.     Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No.4]  is **GRANTED**.

2.     The Secretary of the California Department of Corrections and Rehabilitation, or his designee, is ordered to collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the account and

forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.     The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

**IT IS FURTHER ORDERED** that:

4.     Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is filed in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to his previous pleading. *See* S.D. CAL. CIVLR 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

5.     The Clerk of Court is directed to mail a court approved form § 1983 complaint to Plaintiff.

**IT IS SO ORDERED.**

DATED: August 12, 2011          _____

HON. JOHN A. HOUSTON
United States District Judge