**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARVIN K. LOCKE,<br>CDCR #T-74574<br><br>                           Plaintiff,<br><br>      vs.<br><br>JANE DOE 1; JANE DOE 2;<br>GEORGE A. NEOTTI; MATTHEW<br>CATE; JOHN DOE 3,<br><br>                        Defendants. | Civil No.   11cv0734 JAH (PCL)<br><br>**ORDER DISMISSING FIRST<br>AMENDED COMPLAINT FOR<br>FAILING TO STATE A CLAIM<br>PURSUANT TO<br>28 U.S.C. § 1915(e)(2)(B) & 1915A(b)** |

**I.    PROCEDURAL HISTORY**

On April 8, 2011, Marvin Locke ("Plaintiff"), a state inmate currently incarcerated at the Richard J. Donovan Correctional Facility located in San Diego, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. In addition, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). On August 15, 2011, the Court granted Plaintiff's Motion to Proceed IFP but sua sponte dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). *See* Aug. 15, 2011 Order at 7. However, Plaintiff was granted leave to file an Amended Complaint in order to correct the deficiencies of pleading identified by the Court. *Id.* On September 23, 2011, Plaintiff filed his First Amended Complaint ("FAC").

1 | **II.   SUA SPONTE SCREENING PER 28 U.S.C. §§ 1915(e) AND 1915A**

2   As the Court stated in its previous Order, the Prison Litigation Reform Act's amendments to 28 U.S.C. § 1915 obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. However, 28 U.S.C. § 1915(e)(2) and § 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before directing that the Complaint be served by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). Here, however, even presuming Plaintiff's allegations true, the Court finds his Complaint fails to state a claim upon which relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b); *Lopez,* 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446, n.1.

///

### A. 42 U.S.C. § 1983

To state a claim under § 1983, Plaintiff must allege that: (1) the conduct he complains of was committed by a person acting under color of state law; and (2) that conduct violated a right secured by the Constitution and laws of the United States. *Humphries v. County of Los Angeles*, 554 F.3d 1170, 1184 (9th Cir. 2009) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

### B. Waiver of Defendants

In the Court's previous Order, Plaintiff was informed that any Defendants not renamed or claims not re-alleged in his Amended Complaint would be deemed to have been waived. *See* Aug. 15, 2011 Order at 7 (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)). Plaintiff has filed his First Amended Complaint but he no longer names George Neotti or Matthew Cate as Defendants. *See* FAC at 1-2. Thus, Defendants Neotti and Cate are **DISMISSED** from this action. The Clerk of Court is directed to terminate these Defendants from the docket.

### B. Inadequate medical care claims

Plaintiff claims that his Eighth Amendment rights were violated when Defendants failed to provide immediate medical care to his serious medical needs. *See* FAC at 3-5. In order to assert a claim for inadequate medical care, Plaintiff must allege facts which are sufficient to show that each person sued was "deliberately indifferent to his serious medical needs." *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Prison officials must purposefully ignore or fail to respond to Plaintiff's pain or medical needs; neither an inadvertent failure to provide adequate medical care, nor mere negligence or medical malpractice constitutes a constitutional violation. *Estelle*, 429 U.S. at 105-06.

Thus, to state a claim, Plaintiff must allege facts sufficient to show both: (1) an objectively "serious" medical need, i.e., one that a reasonable doctor would think worthy of comment, one which significantly affects his daily activities, or one which is chronic and accompanied by substantial pain, *see Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994); and (2) a subjective, and "sufficiently culpable" state of mind on the part of each individual Defendant. *See Wilson v. Seiter*, 501 U.S. 294, 302 (1991).

/ / /

1    Plaintiff claims that he was suffering from "intense stomach pain" on April 22, 2010.
2 FAC at 3. A correctional officer called for "medical emergency" and an "A.T.V. (emergency
3 vehicle)." *Id.* Jane Doe #1 arrived and "took Plaintiff's vital signs" and said she would put
4 Plaintiff on a list to be examined by a Doctor. *Id.* Later that evening, Plaintiff woke again with
5 "intense pain," and again the emergency medical team was called. *Id.* Jane Doe #2 arrived and
6 took his vital signs. *Id.* Even though Plaintiff told her he was in "excruciating pain," Jane Doe
7 #2 indicated that due to his vital signs being "good," there was nothing wrong with him and it
8 was probably "just something he ate." *Id.*. The next morning Plaintiff went to the medical clinic
9 where he was examined, given x-rays and had blood taken for testing. *Id.* On April 25, 2010,
10 Plaintiff had surgery to remove kidney stones. *Id.*

11    A mere "difference of medical opinion" between a prisoner and his physicians concerning
12 the appropriate course of treatment is "insufficient, as a matter of law, to establish deliberate
13 indifference." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). Here, Plaintiff's facts
14 show that there was a disagreement in the diagnosis and in fact, he was given medical treatment
15 within twenty four hours of the time he first complained of pain. The facts he alleges describes
16 medical personnel coming to his cell, examining him and three days later he was given surgery.
17 Inadequate treatment due to malpractice, or even gross negligence, does not amount to a
18 constitutional violation. *Estelle*, 429 U.S. at 106; *Wood v. Housewright*, 900 F.2d 1332, 1334
19 (9th Cir. 1990).

20    Once again, Plaintiff has failed to allege any facts from which the Court could find that
21 Defendants acted with deliberate indifference to his serious medical needs. Accordingly,
22 Plaintiff's inadequate medical care claims are dismissed for failing to state a claim upon which
23 relief could be granted.

24    For all these reasons, the Court finds that Plaintiff's First Amended Complaint must be
25 dismissed sua sponte for failing to state a claim upon which relief can be granted pursuant to 28
26 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at
27 446 n.1.

28 / / /

### III. CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

(1) Defendants George A. Neotti and Matthew Cate are **DISMISSED** from this action. *See King,* 814 F.2d 565, 567 (9th Cir. 1987).

**IT IS FURTHER ORDERED** that:

(2) Plaintiff's First Amended Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). However, Plaintiff is further **GRANTED** thirty (30) days leave from the date this Order is filed in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to his previous pleading. *See* S.D. CAL. CIVLR 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

(3) The Clerk of Court shall mail Plaintiff a copy of the Court approved form § 1983 complaint.

DATED: 11-21-11

HON. JOHN A. HOUSTON
United States District Judge